Milligan, J.,
delivered the opinion of the court:
The petitioners, Josejffi Mintz and Simon Fass, are merchants trading under the style and name of “Mintz & Fass,” in the city of Charleston, in the State of South Carolina. They are both naturalized citizens, and residents of the State aforesaid; and claim thirteen bales of upland, and one of sea-island cotton, which they allege were seized by the military forces of the United States soon after the surrender of the city of Charleston in I860.
The essential facts found by the court, in this case, are as follows:
1. The claimants are shown to be of foreign birth; Mintz was a subject of the Emperor of Bussia and Fass of Austria. The former was admitted to citizenship in the United States on the 11th day of October, 1860, and the latter on the 17th of April, 1868. They are shown to have taken but little interest in the political affairs of this country. They were quiet men, and their loyalty is not proven to have been very active; but it is distinctly shown that they gave no aid or comfort to the rebellion, and when they spoke or acted in reference to this subject, their language and acts were uniformly in favor of the Union and the success of the Federal arms.
On the whole proof, we are satisfied that they meet the re *474 quirements of tbe statute, and as loyal citizens are entitled to maintain this action.
2. In 1861-’62 tbey purchased of the firm of “ Búrke & Sons” ten bales of upland cotton, and paid for it at the time of purchase, which was shipped to them at Charleston, and stored in their yard on King street.
In 1862 they bought one bale of sea-island cotton, of one Messeroy, who testifies that they paid for it, and that he saw this cotton, with some eight or ten other bales, just before the evacuation, in their back yard on King street.
Other cotton is shown to have been purchased by the claimants, but we are unable from this record to trace it with sufficient accuracy to enable us to say that it actually belonged to the claimants, or that it was seized and sold by the United States.
3. The quantity of cotton stored in the claimants’ yard ■ on King street is distinctly shown to have been seized by the United States military forces, and carried off in opposition to the claimants’ will.
Some difficulty is presented in attempting to identify the cotton purchased by the claimants with that which is borne on the registration books of the United States, under the name of one of the claimants. On the 10th of March, 1865, this ten bales ajre registered as found at No. 489 King street •, and on the 16th one bale, which make the fourteen bales claimed in the petition. This cotton is all described on the registration books as “upland cotton.” In this respect, as well as the number of bales registered, there is a slight discrepancy between the registration and the proof. But it cannot be doubted, from the whole record, that the cotton seized in King street was the identical cotton owned by the claimants and stored in their back yard j and although the number of bales irroven to have been purchased and deposited at that place falls three bales short of the number borne on the registration, we are satisfied it is the same cotton, and feel bound to limit the recovery to the number of .bales clearly established as owned by the claimants.
There is no doubt as to the ownership of the eleven bales, and for that amount the claimants are entitled to recover.
It will be observed that the petition in this case was filed on the 21st of June, 1867, and that Fass, one of the claimants, and member of the firm of “ Mintz & Fass,” was not natural *475 ized until tbe 17th of April, 1868. How this fact affects the status of Fass iu this court is submitted to our consideration by the defendant’s counsel. It is clear, prior to the passage of the act of the 27th of July, 1868, that aliens resident in the United States were capable of acquiring, holding, and transmitting movable property, in like manner as our own citizens, and they could bring suits for the recovery and protection of that jiroperty. (2 Kent’s Com., 62-63, margin.)
The act of July 27,1868, (15 Stat. L., p. 243,) which by its second section prohibits aliens from suing in this court, for any act done, or omitted to be done, by officers or agents engaged in the administration of the act of Congress, known as the "Abandoned or captured property act,” unless the government of which such alien is a subject accords to citizens of the United States the right to prosecute claims against such government in its courts, was not passed until after the naturalization papers had issued to Mr. Fass. No disability rested on him at the date of filing his petition; and his naturalization papers having regularly issued before the passage of the act of 1868, he is in nowise affected by its provisions, and can maintain this action.
Judgment will be entered in favor of the claimants for the net proceeds of the sales of eleven bales of cotton, which we find to be $1,443 20.